IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOHN ED BOLDIN,

                Plaintiff

      VS.

JIM WETHERINGTON, *et al.*,

                Defendants

NO.  5: 03-CV-308 (CWH)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# ORDER

On November 15, 2004, plaintiff in the above-captioned case filed with this court a MOTION FOR INTERCESSION in which he states that officials at Johnson State Prison were destroying his legal mail. Tab #20. The undersigned then ordered the defendants to respond to the plaintiff's allegations. Tab #21. The defendants have complied with the court's order and the plaintiff has filed a reply to the defendants' response. Tab #22 and #23. The undersigned has carefully considered the plaintiff's motion and all responses.

In their response, the defendants admit that plaintiff's mail was opened even though the envelope stated that it was legal mail. However, according to Standard Operating Procedure (SOP), mail addressed as legal documents will be opened unless it is from a sender with a commercially printed address. *See* SOP IIB04-0001. In the present case, the documents in question were twelve photocopied pages that were in a envelope that did not have a commercial address. Therefore, the mail was opened and plaintiff was given the choice to send it back or have it destroyed.[1] Plaintiff did not have the documents returned, so they were destroyed per the SOP.

Accordingly, **IT IS ORDERED** that the plaintiff's MOTION FOR INTERCESSION (Tab #20) be **DENIED**.

SO ORDERED, this 28th day of APRIL, 2005.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Inmates are not allowed to receive photocopied documents in the mail.