IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOHN ED BOLDIN,

            Plaintiff

VS.

JIM WETHERINGTON, *et al.*,

            Defendants

NO. 5:03-CV-308 (CWH)

PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U. S. MAGISTRATE JUDGE

# O R D E R

Plaintiff JOHN ED BOLDIN is an inmate in the custody of the State of Georgia. He has sued defendants JIM WETHERINGTON, JIMMY SIKES, THALRONE WILLIAMS, CHERYL CHAPMAN, ARTIE BRADDOCK, BOB DAVIS, LONNIE DURDEN, DON HAYSLIP, and DAVID B. HARRISON alleging that the defendants violated his constitutional rights while he was incarcerated at Rivers State Prison (Rivers) in Hardwick, Georgia. Plaintiff claims that the defendants were deliberately indifferent to his medical needs from October 2001 to March 2003 when they knowingly allowed him to be exposed to extremely high levels of friable asbestos while performing repair work at Rivers.

Before the court is the defendants' **MOTION FOR SUMMARY JUDGMENT**. Tab #24. The motion is supported by a brief, discovery requests, and a deposition. The court advised the plaintiff of said motion and his duty to respond properly thereto. Tab #30. The plaintiff has filed responses to the defendants' motion. Tab #33 and #34. In entering this order, the undersigned has carefully considered the defendants' motion and all attachments thereto, as well as the plaintiff's responses.

## LEGAL STANDARDS
### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

## DISCUSSION

The Supreme Court has held that involuntary exposure to environmental tobacco smoke (ETS) can state a claim for cruel and unusual punishment under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25 (1993). The same analysis applies in the case of exposure to asbestos. In *Helling*, the Court held that the Eighth Amendment protects against unreasonable risk of damage to a plaintiff's future health. *Id*. at 35. In order to prove deliberate indifference under the Eighth Amendment on the part of the defendants, the plaintiff must show both objective and subjective factors. *Id*.

To show the objective factor, the plaintiff must show that he himself is being exposed to unreasonable levels of friable asbestos. *Id*. The objective factor also requires the court to "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* (emphasis in original) to such as risk." *Id*. at 36. The subjective factor, deliberate indifference, should be determined in light of the prison authorities current attitudes and conduct. *Id*. at 36.

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

In support of their motion for summary judgment, the defendants have submitted the plaintiff's deposition and their discovery responses. The deposition and discovery responses indicate that the plaintiff's Eighth Amendment rights have not been violated by exposure to asbestos. Further, by plaintiff's own admission, he has suffered no medical problems as a result of exposure to asbestos at Rivers. He avers that he has had nightmares about health problems related to asbestos exposure.

The evidence indicates that the Georgia Department of Corrections (DOC) did not know that Rivers contained asbestos until late 2002. Thereafter, in February 2003, the DOC began contracting with third parties to remove the asbestos from Rivers in various locations including pipe chases, tunnels and crawl spaces. Prior to the removal of the asbestos, precautions were taken for inmate workers who worked in areas that contained asbestos. This included not allowing inmates to work in areas that were suspected to contain asbestos.

In the court's view, plaintiff BOLDIN has failed to establish that he was subjected to cruel and unusual punishment under the Eighth Amendment by exposure to asbestos. Plaintiff has submitted no objective evidence to show that he was exposed to unreasonably high levels of asbestos after the problem was detected, and, as noted above, does not present any evidence of actual physical injury. In response to the defendants' motion, the plaintiff merely reiterates his claims. Therefore, the defendants are entitled to summary judgment.

Accordingly, IT IS ORDERED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #24) be **GRANTED**.

SO ORDERED, this 6th day of JULY, 2005.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE